536 P.2d 1057

**Robert C. BRISCOE, Jr., Appellant,**

v.

**UNITED METRO MATERIALS & CONCRETE CO., INC., a corporation, and Don L. Slayman, Appellees.**

**No. I CA–CIV 2455.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 19, 1975.

Rehearing Denied Aug. 6, 1975.
Review Denied Oct. 9, 1975.

Cavness & DeRose by Jack C. Cavness, Phoenix, and John W. Rood, Phoenix, for appellant.

Snell & Wilmer by Peter J. Rathwell, Phoenix, for appellees.

## OPINION

FROEB, Judge.

Robert C. Briscoe, Jr., appellant and plaintiff in the trial court, was employed by Briscoe Paving Company in the capacity of foreman. On the afternoon of November 5, 1969, plaintiff was laying concrete curbs on a private driveway when a cement truck, owned by United Metro Materials & Concrete Co., Inc. and driven by Don Slayman, rolled over his feet causing him serious injury. The procedure for pouring concrete required that the truck be moved from time to time. It was equipped with air brakes which made a noise when the brakes were released. Appellant testified he had heard the brake release noise all day long on the day of the accident. There were other trucks in the area, but the ready-mix truck was the only one equipped with air brakes. Appellant was on his hands and knees facing the curb with his back to the truck when the accident occurred. He was using a trowel at the time of the accident in order to finish the curb. The truck rolled forward over his feet, which extended some two to three feet into the driveway.

The testimony further revealed that Slayman had completed washing the chutes on his cement truck and saw no one on the right side of his truck. He did not see Briscoe prior to the accident on either side of the truck. He estimated that forty seconds elapsed from the time he finished washing the cement chutes until he started to move the truck after releasing the air brakes. He had moved the truck at the job on prior occasions during the same day.

The case was tried to a jury which returned a verdict for the defendants. A motion for new trial was denied by the trial court and judgment entered upon the verdict, from which the plaintiff appeals. There are two questions presented the court for review and both have to do with either the giving or the refusing of instructions.

 Appellant contends that it was error for the trial court to refuse plaintiff's requested Instruction No. 1, which read as follows:

"In taking into consideration whether reasonable care has been exercised by a driver of a motor vehicle as to a person who is working on a construction job, the jury may take into consideration that the person working on such job must devote his attention to the duties which he is performing and, hence, cannot be as vigilant as other persons who have no duties beyond looking to their own safety."

Appellant contends that it is the duty of the trial court to instruct the jury on all phases of the law applicable to the various fact situations developed during the course of the trial, relying upon *Layne v. Hartung*, 87 Ariz. 88, 348 P.2d 291 (1960). He contends that it is reversible error not to give an instruction on a legal theory within the issues of the case which is supported by substantial evidence. The theory referred to by appellant is that persons who are pursuing their duties in a working capacity cannot be as vigilant as persons having no duties beyond looking to their own safety. While we agree that what is ordinary care for a worker may be different than what would be ordinary care for someone not engaged in work activity, we nonetheless hold that the standard of care, and hence the duty, is the same for both. Since this is the case, it was not error for the court to refuse to instruct the jury as to a different standard of care other than that which related to ordinary negligence. The court in this case instructed the jury in accordance with the standard negligence instruction as follows:

"This is a definition of negligence. Negligence is lack of ordinary care. It

is the failure to exercise that degree of care which a reasonably prudent person would have exercised under the same circumstances. Negligence may arise from doing an act which a reasonable and prudent person would not do under the same circumstances or from failing to do an act which a reasonable, prudent person would do under the same circumstances. You are instructed that the fact that an accident took place or that the issue of negligence is raised in the pleadings does not support an inference or conclusion that either party was negligent."

Since this instruction deals with what a reasonably prudent person would have done under the same circumstances it allows the jury to consider the fact that appellant was working at the time of the injury. Indeed, counsel for appellant, in his closing argument, argued this very point with clarity to the jury. Under these circumstances, we find no error in the refusal to give plaintiff's requested Instruction No. 1.

The second assignment of error relates to the giving of the contributory negligence instruction. It is appellant's position that there is no evidence from which reasonable men might infer that the appellant was himself negligent and that such negligence contributed to his injury.

We find sufficient evidence in the record to justify the giving of a contributory negligence instruction. There is evidence that appellant heard the brake release and knew what it was. He had listened to the sound "all day long." He knew the paving machine prevented the truck from backing out of the driveway. He knew he was kneeling in a blind spot with his legs and feet extending into the driveway at the right front end of the truck. It can be inferred that he would have known, had he looked, that the wheels of the truck could roll over him if the truck moved forward. Instead, he did nothing when he heard the release of the brakes for a period of thirty seconds until the moment when he was injured. It was appellee's contention that appellant failed to use reasonable care for his own safety. Contributory negligence is negligence which contributes in any degree to the plaintiff's injuries. *McDowell v. Davis*, 104 Ariz. 69, 448 P.2d 869 (1968). Considering the evidence, we hold that the trial court was correct in submitting the issue of contributory negligence to the jury.

Finding no error, the judgment of the trial court is affirmed.

OGG, P. J., and DONOFRIO, J., concur.