601 P.2d 661 (1979)
Peter A. COSTA, Plaintiff-Appellee,
v.
David SMITH, Defendant-Appellant.
No. 79CA0272.
Colorado Court of Appeals, Div. II.
September 20, 1979.
Larry D. Myers, Colorado Springs, for plaintiff-appellee.
William H. Carnahan, Colorado Springs, for defendant-appellant.
PIERCE, Judge.
Defendant, David Smith, appeals a summary judgment in favor of plaintiff, Peter A. Costa, on Smith's counterclaim. We affirm.
Costa filed an action in battery following an altercation after an office party. Smith counterclaimed in defamation for remarks made by Costa at the party regarding Smith's competency as a data processor. The district court granted summary judgment finding that the evidence submitted disclosed a qualified privilege.
At the party hosted by Costa, the parties engaged in mutual self-congratulations on their respective accomplishments in the field of data processing. Smith then opined that if they joined forces they could do even better. Using foul language, Costa replied that he would not consider Smith as a partner in his business. Smith demanded to know why. Costa then told him, in essence, that he was an incompetent data processor.
From these facts the trial court concluded that Costa's remarks were privileged because they were in response to a direct request from Smith for information. We agree.
Here, by demanding to know the reason for Costa's refusal to have Smith as a partner, Smith consented to the publication though it turned out to be defamatory. Hence, Costa's statements were absolutely privileged. A person's consent to the publication of defamatory matter concerning him is a complete defense to a claim for defamation. Restatement (Second) of Torts § 583, Comment D, Illustration 2 *662 (1977); W. Prosser, Torts §§ 18 and 114 (4th ed. 1971). The use of foul language alone will not give rise to a claim for defamation. Bucher v. Roberts, Colo., 595 P.2d 239 (1979).
Under the undisputed facts of this case, it is a preliminary question of law for the court to determine whether the circumstances gave rise to a privilege, Abrahamsen v. Mountain States Telephone & Telegraph Co., 177 Colo. 422, 494 P.2d 1287 (1972), and since here the publication was absolutely privileged, the existence of the privilege justifies the summary judgment. See Terrell v. Walter E. Heller & Co., 165 Colo. 463, 439 P.2d 989 (1968).
Judgment affirmed.
RULAND and BERMAN, JJ., concur.