729 P.2d 342

**James R. GLAZE and Dolores B. Glaze, husband and wife, Plaintiffs/Appellants,**

**v.**

**Paul MARCUS, Defendant/Appellee.**

**No. 2 CA–CIV 5785.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 6, 1986.

Little, Fisher, Siegel & Bellovin, P.C. by Barbara E. Fisher, Tucson, for plaintiffs/appellants.

DeConcini, McDonald, Brammer, Yetwin & Lacy, P.C. by William B. Hanson, and Denise M. Bainton, Tucson, for defendant/appellee.

## OPINION

LACAGNINA, Judge.

James R. and Dolores B. Glaze, husband and wife, appeal from an adverse summary judgment entered in favor of Paul Marcus. They argue that there are disputed issues of fact which prevent summary disposition of their claim for defamation. In granting summary judgment the trial court found that any claim arising from the alleged defamation contained in a letter dated November 8, 1983, was barred by the statute of limitations and that testimony given by Marcus at a grievance hearing requested by Glaze was opinion based on disclosed facts admitted by Glaze as true. Marcus urges us to find, as an additional reason supporting the trial court's judgment, that Glaze consented to Marcus's testimony. We agree and affirm.

## FACTS

On November 8, 1983, during a fire drill at the University of Arizona College of Law, James Glaze, employed by the University as a safety coordinator, exchanged words with Paul Marcus, dean of the College of Law. After the exchange of words, Marcus wrote a letter to the president of the University and sent a copy of the letter to Glaze's supervisor, which Glaze received from his supervisor on November 9, 1983. In the letter Marcus described Glaze as "impertinent" and "truly generally obnoxious." On November 9, 1983, Glaze sent a handwritten letter to Marcus in which he apologized for the encounter and included a copy of a memorandum written to his supervisor. The memorandum contained an admission by Glaze that he had been "abrupt and curt in [his] response" to Marcus's questions on the day of the fire drill, that there had been "an unfortunate lack of communication" and that he had used "ill chosen words" during the encounter with Marcus. A week later Glaze, by letter to

Marcus, apologized for his comments during the encounter and said, "I wish I could retract my words."

Glaze was terminated by the University on December 16, 1983. Glaze's requested grievance hearing was held on March 27, 1984. He listed Marcus as a witness and requested the hearing be open to the public. Marcus testified regarding the encounter at the fire drill and described Glaze's behavior as unprofessional, insubordinate and abusive.

## STATUTE OF LIMITATIONS

■ Without deciding whether the Marcus letter of November 8, 1983, to the president of the University was defamatory or privileged, we hold that A.R.S. § 12–541 bars the complaint filed more than one year later on December 17, 1984, for defamation based on the contents of that letter.

## OPINION TESTIMONY NOT ACTIONABLE

■ Pure opinion is not actionable in Arizona. Restatement (Second) of Torts § 566 (1965); *see also MacConnell v. Mitten*, 131 Ariz. 22, 638 P.2d 689 (1981). Marcus's testimony at the grievance hearing, requested by Glaze and given without objection from Glaze, can only be characterized as opinion. Marcus was asked, "In your view, would you characterize Jim Glaze's behavior during that incident in any of the three ways: unprofessional, insubordinate or abusive?" His answer as to each of the characteristics mentioned was pure opinion.

■ In addition, Glaze cross-examined Marcus and asked him in a series of questions to relate their encounter and the words exchanged during the fire drill and to read the letters of apology written to him by Glaze. Why Glaze would request a public grievance hearing, list Marcus as a witness, permit his testimony without objection, require Marcus to relate their encounter at the fire drill and then claim Marcus defamed him by that very testimony remains an unsolved mystery. However, these actions by Glaze support the view that, taking the facts in the light most favorable to him, he consented to any publication of the incident with Marcus. Restatement (Second) of Torts § 583 comment d (1965); *see also Peterson v. Mountain States Tel. & Tel. Company*, 349 F.2d 934, 938 (9th Cir.1965); *Royer v. Steinberg*, 90 Cal.App.3d 490, 153 Cal.Rptr. 499 (1979); *Costa v. Smith*, 43 Colo.App. 251, 601 P.2d 661 (Colo.App.1979).

■ Our review of the testimony at the hearing discloses that the contents of the letter, barred by the statute of limitations, were never republished at the hearing. However, even if the contents of the Marcus letter were republished, consent by Glaze to its publication by way of testimony at the hearing is a complete defense to the action for defamation. The trial court was correct when it determined Marcus's testimony at the hearing was nonactionable opinion. In affirming that judgment, however, we are permitted to apply the doctrine of consent as another basis for supporting the judgment, although not considered by the trial court. We will affirm the trial court's decision if it is correct for any reason, even if that reason was not considered by the trial court. *Cross v. Cross*, 94 Ariz. 28, 381 P.2d 573 (1963); *U.S. Insulation Inc. v. Hilro Const. Co.*, 146 Ariz. 250, 705 P.2d 490 (App.1985).

Affirmed.

BIRDSALL and HOWARD, JJ., concur.