NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

ANDREA HAVEN, *Plaintiff/Appellant*,

*v.*

KEVIN R. TAYLOR and JANE DOE TAYLOR, husband and wife; TSI
TOWER SERVICES, INC., an Arizona corporation, *Defendants/Appellees*.

No. 1 CA-CV 13-0337

FILED 07-10-2014

———————————————

Appeal from the Superior Court in Maricopa County
No.  CV2007-022422
The Honorable J. Richard Gama, Judge

**AFFIRMED**

———————————————

COUNSEL

Jack Levine, P.C., Phoenix
By Jack Levine

Skeens & Anderson, Glendale
By Norman E. Skeens
*Co-Counsel for Plaintiff/Appellant*

Schneider & Onofry, P.C., Phoenix
By Jon D. Schneider, Timothy B. O'Connor
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

¶1        Andrea Haven ("Haven") appeals the judgment after trial and the denial of a motion for new trial.  She contends that the superior court erred by excluding testimony, medical bills, and medical records from evidence.  She also argues that insufficient evidence supports the jury's verdict.  Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Kevin Taylor ("Taylor") was driving a truck for his employer, TSI Tower Services, Inc., and attempted to turn left onto a road encircling the Fiesta Mall parking lot.  The truck struck Haven when she walked in front of it and knocked her down.  She was taken to the hospital by an ambulance and her husband took her home.

¶3        Haven, who had preexisting and radiating back pain,[1] testified by deposition that the pain in her left leg was "very different" after the accident.  She stopped working about three months after the accident, saw about seven doctors, and incurred some $80,000 in medical costs.

¶4        After the discovery cutoff date, Taylor filed a motion in limine to limit the testimony of Haven's primary care physician, Daniel Freberg, D.O., to his treatment of Haven because he had not been disclosed as an expert.  The superior court granted the motion, but also ruled that the doctor could testify about the medical records from other

---

[1] Haven's lower back pain, which caused numbness to her left leg, started in 2001 and had been increasing over the years.  Before the accident, she had been referred to surgeons, neurologists, and pain management experts; back surgery had been recommended; and she had missed several days of work due to the pain.  The pain was getting worse just two days before the accident.

doctors that he relied on and were in his file when last subpoenaed. The issue was unsuccessfully revisited during trial. As a result, Dr. Freberg did not testify that all of Haven's medical records after the accident were related to the accident and a number of Haven's medical bills and records were excluded.[2]

**¶5** The trial proceeded and the jury found Taylor was negligent and awarded Haven $20,000 in damages, but found that she was eighty-five percent at fault. Because Haven had rejected an Arizona Rule of Civil Procedure ("Rule") 68 offer of judgment, Taylor was awarded $35,322.12. Haven filed an unsuccessful motion for new trial, and now appeals.

## DISCUSSION

### I. Expert Witness Disclosure and Testimony

**¶6** Haven first argues that the superior court erred by precluding Dr. Freberg from testifying about the medical bills from her other doctors, who were specialists. Specifically, she argues that her doctor should have been allowed to testify about all of her medical treatment after the accident, and that the bills were necessary, reasonable, and related to the accident.

**¶7** We review the ruling excluding the testimony and exhibits for an abuse of discretion and will affirm absent prejudice, *Golanka v. General Motors Corp.*, 204 Ariz. 575, 580, ¶ 9, 65 P.3d 956, 961 (App. 2003), or the incorrect application of the law. *Larsen v. Decker*, 196 Ariz. 239, 241, ¶ 6, 995 P.2d 281, 283 (App. 2000). We view the excluded evidence in the light most favorable to its proponent. *Larsen*, 196 Ariz. at 241, ¶ 6, 995 P.2d at 283.

**¶8** The superior court precluded Dr. Freberg from testifying that the bills and records from the other doctors were reasonable,

---

[2] In her opening brief, Haven complains about the exclusion of the following numbered exhibits: 3-5, 7, 10, 12-18, 20-26, 28-35, 38-43, and 47. In her reply brief, she discusses the following exhibits: 12-43 and 46-48. The record indicates that exhibit 10 was admitted, so we need not consider arguments regarding it. Haven also disputes the admissibility of exhibits 27, 46, and 48, but only raised the challenge in her reply brief. As a result, we will not consider the admissibility of those exhibits on appeal. ARCAP 13(c) ("The appellant may file a reply brief, but it shall be confined strictly to rebuttal of points urged in the appellee's brief.").

necessary, and causally connected to the accident because Haven did not timely disclose that Dr. Freberg would be her expert or the substance of his opinions. When the issue resurfaced during trial, the court implicitly agreed with Taylor that he would be prejudiced if Dr. Freberg were allowed to testify about the reasonableness and necessity of all Haven's medical bills given that she had not disclosed that Dr. Freberg would be her expert or his expert opinions.

**¶9**         Rule 26.1 required Haven to disclose any expert witness she anticipated calling at trial, as well as "the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, [and] a summary of the grounds for each opinion." *See* Ariz. R. Civ. P. 26.1(a)(6). She had a continuing duty to disclose any additional information, but needed to get the court's permission if she wanted to use information that had not been disclosed sixty days before trial. *See* Ariz. R. Civ. P. 26.1(b)(2) ("A party seeking to use information which . . . [was] disclosed later than sixty (60) days before trial shall seek leave of court to extend the time for disclosure as provided in Rule 37(c)(2) or (c)(3)."). She could not use the late disclosed information unless the court found that the failure to timely disclose was harmless or otherwise found good cause to grant relief and allow use of the late disclosed evidence. *See* Ariz. R. Civ. P. 37(c); *see also Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 287-88, 896 P.2d 254, 257-58 (1995).

**¶10**         Although Haven failed both to list Dr. Freberg as an expert witness and to disclose his opinions, she argues that she did not have to list him as an expert because he was her treating doctor. We disagree.

**¶11**         The substance of anticipated testimony governs whether a witness is a fact or expert witness. *Sanchez v. Gama*, 233 Ariz. 125, 131, ¶ 16, 310 P.3d 1, 7 (App. 2013) (citing *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113 (1st Cir. 2003)). Haven initially disclosed that Dr. Freberg was going to testify about his treatment of her; thus, at that point, he was a fact witness. *See Sanchez*, 233 Ariz. at 128, ¶ 8, 310 P.3d at 4 ("Fact-based testimony is derived from the five senses, i.e., what the treating doctor saw, heard, or felt, and typically is given in response to the 'who, what, when, where and why' questions." (quoting *State ex rel. Montgomery v. Whitten*, 228 Ariz. 17, 21, ¶ 15, 262 P.3d 238, 242 (App. 2011))); *see also Duquette v. Superior Court*, 161 Ariz. 269, 271 n.2, 778 P.2d 634, 636 n.2 (App. 1989) ("A plaintiff's treating physician is not an expert witness within the meaning of Rule 26(b)(4) . . . because the facts known and opinions held by a treating physician are not acquired or developed in anticipation of litigation or for trial." (internal quotation marks omitted)).

Haven, however, decided after the discovery cutoff that she wanted Dr. Freberg to review medical records and bills from the other doctors and opine that the treatment and bills were necessary, reasonable, and related to the accident.[3] Thus, for these purposes, Dr. Freberg was an expert medical witness. *See Sanchez*, 233 Ariz. at 128, ¶ 9, 310 P.3d at 4 ("Testimony would constitute expert testimony . . . if the questions required 'a physician to review records or testimony of another health care provider or to opine regarding the standard of care or treatment given by another provider.'" (quoting *State ex rel. Montgomery*, 228 Ariz. at 21, ¶ 16, 262 P.3d at 242)).

**¶12**    The court advised the parties in its February 2012 minute entry that it would "not allow expert opinions to be admitted at the time of trial which have not been fairly disclosed [before] trial" and advised the parties "to prepare a comprehensive outline of each expert's separate opinions and the factual/substantive basis for each such opinion." (Emphasis omitted.) Haven never disclosed that Dr. Freberg would be called as a medical expert and did not disclose his expert report or any of his opinions on any update to the disclosure statement before trial. Taylor's lawyer was told a month before trial that Dr. Freberg would testify about the other doctors' treatment, records, and bills. Additionally, Haven never sought to expand the disclosure time period by filing a motion pursuant to Rule 37(c)(2). The court, as a result, did not abuse its discretion by limiting Dr. Freberg to testifying as a fact witness and precluding him from testifying that the medical records and bills from the other doctors were necessary, reasonable, and causally related to the accident. *See Solimeno v. Yonan*, 224 Ariz. 74, 78-81, ¶¶ 13-27, 227 P.3d 481, 485-88 (App. 2010) (noting that the court properly excluded an expert's testimony because his opinions and the facts relied on were not adequately disclosed); *see also Link v. Pima Cnty.*, 193 Ariz. 336, 338-39, ¶¶ 1, 8, 972 P.2d 669, 671-72 (App. 1998) (noting that trial court did not abuse its broad discretion by precluding testimony because the facts

---

[3] In *Larsen,* we stated that foundation needs to demonstrate that "bills were caused by and were reasonable and necessary results of the . . . accident." 196 Ariz. at 244, ¶ 21, 995 P.2d at 286. Although *Larsen* did not specifically define the terms "reasonable" and "necessary," the Utah Supreme Court in *Gorostieta v. Parkinson,* restated the general rule and then stated that "once injuries have been shown, evidence is required to show that the medical expenses accurately reflect the necessary treatment that resulted from the injuries and that the charges are reasonable." 17 P.3d 1110, ¶ 35, 1117-18 (Utah 2000).

underlying an expert's opinion were not disclosed until after the disclosure deadline).

## II. Medical Bills

¶13 Haven also contends the court abused its discretion by refusing to allow the medical bills into evidence. She argues that the bills, which had been disclosed, should have been admitted without expert medical testimony to demonstrate the necessity of the medical care and the reasonableness of the charges. She specifically claims that *Larsen* does not require foundational physician testimony when there is a clear causal connection between the injuries obtained and the resulting treatment because the bills create an inference of necessity and reasonableness. We disagree.

¶14 Although there may be a case where medical testimony is not required to show the link between an accident and medical treatment, this is not the case. Here, the jury had to decide whether Haven's injury from the accident had resolved, or whether the accident exacerbated her preexisting medical problems. The medical bills alone would not allow the jury to decide the issue without expert medical testimony because the jury would not know whether the bills reflected needed medical treatment for Haven's preexisting condition, the accident, or any aggravation of her preexisting condition caused by the accident. *See City of Scottsdale v. Kokaska*, 17 Ariz. App. 120, 128, 495 P.2d 1327, 1335 (1972) ("[A] plaintiff [can] recover for any aggravation of a preexisting condition caused by a negligent defendant."); *cf. W. Bonded Prods. v. Indus. Comm'n*, 132 Ariz. 526, 528, 647 P.2d 657, 659 (App. 1982) ("While there may be other such injuries that are readily apparent to a layman, typical conditions of the back and spine clearly are not."); *see also, e.g.*, *Chapman v. Powers*, 331 N.E.2d 593, 597 (Ill. App. 1975) ("We agree with appellant that the hospital bill was improperly admitted in evidence since there was no medical testimony to establish that the charge was reasonable or that the entire bill was related to the injury claimed."); *Dennis v. Prisock*, 181 So. 2d 125, 127-28 (Miss. 1965) (noting that the court erred in admitting medical bills when the plaintiff did not show the services were necessary because of the accident in question, especially because she had been in at least five other accidents); *Williams v. Safeway Stores, Inc.*, 515 P.2d 223, 227-28 (Okla. 1973) (finding the court erred by admitting medical bills when there was no evidence the bills resulted from the accident in question); *Poltorak v. Sandy*, 345 A.2d 201, 204 (Pa. Super. 1975) ("[J]udge did not abuse his discretion in refusing to admit into evidence bills for medical expenses when neither plaintiff nor her physician could make a reasonable showing of which bills

were for accident-related treatments and which were for unrelated treatments."). Consequently, the court did not abuse its discretion by refusing to allow Haven to admit the medical bills without medical testimony linking the bills to necessary medical treatment as a result of the accident. *See Larsen*, 196 Ariz. at 243, ¶ 19, 995 P.2d at 285 ("To be relevant, however, the medical records must be linked to the issues in this case. If the records and bills themselves do not establish the necessary connection, other evidence may be needed."); *Williams v. Jacobs*, 972 S.W.2d 334, 340 (Mo. App. 1998) ("[W]hen the injury is a 'sophisticated injury, which requires surgical intervention or other highly scientific technique for diagnosis, and *particularly where there is a serious question of pre-existing disability and its extent, the proof of causation is not within the realm of lay understanding. . . .'*" (quoting *Griggs v. A. B. Chance Co.*, 503 S.W.2d 697, 704 (Mo. App. 1973) (emphasis added)).

¶15 Haven also contends that if there is evidence that certain medical bills were paid those bills should have been admitted into evidence because payment demonstrates the reasonableness of those bills. She cites cases from other jurisdictions where evidence that a medical bill was paid is sufficient foundation to admit it as being reasonable. *See, e.g., Baker v. Hutson*, 775 N.E.2d 631, 638 (Ill. App. 2002); *Elberts v. Nussbaum Trucking, Inc.*, 422 N.E.2d 1040, 1043 (Ill. App. 1981); *Stanley v. State*, 197 N.W.2d 599, 606 (Iowa 1972); *Williams v. Jacobs*, 972 S.W.2d 334, 342 (Mo. App. 1998).

¶16 Even if we assume that the evidentiary ruling in those cases should apply in a negligence case where an unresolved preexisting condition is not an issue, the jury in this case could not determine whether the bills that were disclosed and paid were reasonable or reasonably related to the accident or any aggravation of her preexisting condition. Because there was no medical testimony that the treatment reflected in the medical bills was causally related to the accident, we see no reason to depart from the analysis in *Larsen*. 196 Ariz. at 243-44, ¶ 20, 995 P.2d at 285-86 (citing *Patterson v. Horton*, 929 P.2d 1125, 1130 (Wash. App. 1997) for the proposition that a "negligence plaintiff cannot rely only on medical records and bills to show medical expenses were necessary and reasonable; other evidence must establish the latter"). Moreover, even though several medical bills (exhibits 6, 9, 27, and 29) indicate payment in part or full on the document, Haven never testified about payment of those medical bills and they were not otherwise admitted. As a result, if we were to depart from *Larsen*, which we do not, Haven's deposition testimony does not provide the factual predicate to allow us to consider her argument that other jurisdictions allow the jury to consider a

plaintiff's testimony that the medical bills incurred were reasonable and necessary.[4]

¶17        Finally, Haven also urges us to adopt the reasoning in cases from other jurisdictions that bills are some evidence of their own reasonableness. Some of those cases, however, rely on a statute or court rule, which are not applicable here. *See, e.g.*, *Wood v. Elzoheary*, 462 N.E.2d 1243, 1245 (Ohio App. 1983) (noting that a statute in Ohio causes medical bills "to be prima facie evidence of their own reasonableness, while affording opposing counsel an opportunity to challenge their reasonableness with contrary evidence"); *Burge v. Teter*, 808 N.E.2d 124, 132 (Ind. 2004) (noting that Indiana Rule of Evidence 413 allows medical bills to be prima facie proof the expenses are reasonable).[5] And, as for the

---

[4] Haven cites to a number of cases to support her argument, including for example, *East West Karate Ass'n v. Riquelme*, 638 So. 2d 604, 605 (Fla. App. 1944), which states that:

> Florida requires more than just evidence of the amount of the bills to establish . . . reasonableness. However, it is not necessary for the plaintiff to provide expert testimony. When a plaintiff testifies as to the amount of his or her medical bills and introduces them into evidence, it becomes a question for the jury to decide, under proper instructions, whether these bills represented reasonable and necessary medical expenses.

(citations omitted) (internal quotation marks omitted). She also cited *Van Brunt v. Stoddard*, 39 P.3d 621, 626 (Idaho 2001), which states that "testimony by the patient . . . on the amounts . . . paid for medical services is sufficient evidence of the reasonable value of the services in the absence of some showing to the contrary."

[5] Moreover, Haven cites to three cases that fail to support her argument. In *Farmer v. International Harvester Co.*, the Idaho Supreme Court found that whether the trial court had erred by admitting the evidence was waived because there had not been a specific objection to the evidence at trial. 553 P.2d 1306, 1309 (Idaho 1976). In *Biddle v. Riley*, 176 S.W. 134, 136 (Ark. 1915), there is no discussion about the admissibility of medical bills. And in *McDonald v. Miller*, 518 N.W.2d 80, 86 (Neb. 1994), the medical bills were stipulated to being fair and reasonable.

cases that do not rely on a statute or rule,[6] we see no reason in this case to depart from *Larsen*.

## III.   Medical Records

**¶18**         Haven also argues that the court erred by excluding some of her medical records based on misstatements from Taylor's counsel that the records had not been disclosed and that the records were admissible under Arizona Rules of Evidence 803(4), (6).[7]  We disagree.

**¶19**         Haven contends that the court erroneously relied on Taylor's statement in the motion in limine and at the pretrial conference that Haven did not disclose any medical records or bills after August 27, 2008. Although Haven disclosed all of her medical bills and records before the discovery cutoff date, at trial Taylor advised the court that the last report from Dr. Freberg was dated April 24, 2009, and the last record from a specialist in Dr. Freberg's file was from August 2008.  The court allowed Dr. Freberg to testify about his treatment of Haven through April 2009 and to testify about the records from other doctors that were in his file through August 2008 that he relied on in his assessment of Haven.  The court did not, however, let Dr. Freberg testify as an expert because Haven had failed to disclose Dr. Freberg's opinions, as noted above.  *See supra* ¶ 12.  As a result, the court did not abuse its discretion by allowing Dr. Freberg to testify only as a fact witness about his treatment of Haven through April 2009 or by precluding him from providing expert testimony necessary to establish the foundation for the medical records not in his file.

---

[6] *Bell v. Stafford*, 680 S.W.2d 700, 702 (Ark. 1984) ("[E]vidence of expense incurred in good faith is some evidence that the charges were reasonable."); *Walters v. Littleton*, 290 S.E.2d 839, 842 (Va. 1982) ("[E]vidence presented by the bills regular on their face of the amounts charged for medical service is itself some evidence that the charges were reasonable and necessary."); *Figgs v. City of Milwaukee*, 342 N.W.2d 254, 257 (Wis. App. 1983) (allowing recovery of small medical bills without proof of reasonableness when treatment and payment are proved), *rev'd*, 357 N.W.2d 548 (Wis. 1984).

[7] Haven's argument that the medical records were admissible under Rule 803(4) is waived because it was not raised below.  *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC,* 227 Ariz. 382, 386, ¶ 12, 258 P.3d 200, 204 (App. 2011).

¶20 Moreover, although the records from the other doctors were disclosed, a certification or witness was needed to establish that they were business records under Arizona Rule of Evidence 803(6). Haven, however, did not provide any certification or call any witness to establish the foundation that the records were medical business records, routinely prepared and kept in the ordinary course of business. *See* Ariz. R. Evid. 803(6). Because there were no stipulations, no certifications, and no witnesses called to establish the medical business exception to the hearsay rule, the court did not abuse its discretion by excluding exhibits outside of Dr. Freberg's subpoenaed file. *See Glaze v. Marcus*, 151 Ariz. 538, 540, 729 P.2d 342, 344 (App. 1986) (noting that we will uphold a trial court's decision if correct for any reason, even if the trial court did not consider that reason).

## IV. Motion for New Trial

¶21 Finally, Haven contends that there was no evidence to support the apportionment that she was eighty-five percent responsible for her injury. She argues that Taylor, as a truck driver, "owed a higher standard of conduct" than she did as a pedestrian. To the extent Haven wanted a higher standard of care to apply to Taylor, Haven failed to ask for such a jury instruction and has waived the argument on appeal. *See State v. Lockett,* 107 Ariz. 598, 600, 491 P.2d 452, 454 (1971) (noting that the failure to request an instruction "constitutes a waiver of any right to have [it] given"); *see also Romero v. Sw. Ambulance,* 211 Ariz. 200, 204, ¶ 6, 119 P.3d 467, 471 (App. 2005) (noting that the only objections which can be raised on appeal were those raised at trial); *cf. Briscoe v. United Metro Materials & Concrete Co.*, 24 Ariz. App. 165, 166-67, 536 P.2d 1057, 1058-59 (1975) (noting that it was not error for a court to refuse to give an instruction which would have resulted in two different standard of care definitions when the court properly instructed the jury on negligence).

¶22 We review the denial of a motion for new trial based on the verdict being against the weight of evidence for an abuse of discretion. *Dawson v. Withycombe*, 216 Ariz. 84, 95, ¶ 25, 163 P.3d 1034, 1045 (App. 2007) (citing *Styles v. Ceranski*, 185 Ariz. 448, 450, 916 P.2d 1164, 1166 (App. 1996)). And in reviewing a jury verdict, we view the evidence in the light most favorable to sustaining the verdict, do not reweigh the evidence, and will affirm if there is substantial evidence supporting the verdict. *Warrington v. Tempe Elementary Sch. Dist. No. 3*, 197 Ariz. 68, 69, ¶ 4, 3 P.3d 988, 989 (1999); *Hutcherson v. City of Phx.*, 192 Ariz. 51, 53, 56, ¶¶ 10-11, 26-27, 961 P.2d 449, 451, 454 (App. 1998) (noting that the court should not "second-guess" the jury allocating seventy-five percent fault to a 911

operator and twenty-five percent to someone who shot two people). Substantial evidence is proof that permits reasonable persons to reach the jury's result. *In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13, 975 P.2d 704, 709 (1999); *Styles*, 185 Ariz. at 450, 916 P.2d at 1166.

**¶23** Although Taylor was driving a truck, he and Haven each owed the duty to exercise reasonable care under the circumstances. *Cf. Nunez v. Prof'l Transit Mgmt. of Tucson, Inc.*, 229 Ariz. 117, 122, ¶ 23, 271 P.3d 1104, 1109 (2012) (holding that common carriers owe the objective, reasonable person standard of care instead of a heightened standard); *see Terzis v. Miles*, 90 Ariz. 120, 121-22, 366 P.2d 683, 683-84 (1961) (noting that a pedestrian hit by a car could be contributorily negligent).

**¶24** Here, there is substantial evidence to support the jury's fault apportionment. Taylor stopped his truck at the end of a row of cars in the mall parking lot, even though there was no stop sign, and he had his left turn signal on. He also looked both directions before letting his foot off the brake, but never saw Haven. Conversely, Haven saw the truck before the accident, but assumed Taylor was parking, so she stopped looking at the truck and looked ahead trying to find her parked car. She walked four or five steps in front of the truck before it struck her. The truck moved less than a foot before the accident, and Haven said the truck was "just on [her.]"

**¶25** Although Haven was knocked to the ground, the jury had to look at the witnesses, consider the evidence, decide credibility, decide the facts, and determine any comparative fault. *See Harris v. Murch*, 18 Ariz. App. 466, 467-68, 503 P.2d 821, 822-23 (1972) ("[T]he credibility of the witnesses and the weight to be given their testimony are matters peculiarly within the province of the jury."). The jury did, and given the evidence, we do not find that the apportionment amounted to an abuse of discretion. Accordingly, the court did not abuse its discretion by denying the motion for new trial.

**¶26** Taylor has requested his costs on appeal pursuant to Arizona Revised Statutes section 12-342.[8] Because he has prevailed, we award him his costs on appeal upon compliance with ARCAP 21.

---

[8] We cite to the current version of the statute absent material changes.

**CONCLUSION**

¶27 For the foregoing reasons, we affirm the court's evidentiary rulings, the judgment, and the denial of a motion for new trial.

