NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CASSANDRA OLSEN, *Petitioner/Appellant*,

*v.*

ELY ALLINGTON, *Respondent/Appellee*.

No. 1 CA-CV 20-0294 FC

FILED 12-22-2020

Appeal from the Superior Court in Navajo County
No. S0900DO202000016
The Honorable Robert J. Higgins, Judge

**AFFIRMED**

COUNSEL

Riggs, Ellsworth & Porter, Show Low
By Michael R. Ellsworth
*Counsel for Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Acting Presiding Judge David B. Gass and Judge Lawrence F. Winthrop joined.

---

**B R O W N**, Judge:

**¶1**          Cassandra Olsen ("Mother") appeals the superior court's order dismissing her petition to establish paternity, legal decision-making, and determination of support ("Petition").  For the following reasons, we affirm.

## BACKGROUND

**¶2**          Olsen and Ely Allington ("Father") are the natural parents of an eight-year-old daughter ("child").  When the child was born, Mother was living in Utah; they both remained there until September 2015, and later moved to Arizona.  Mother filed for child support in Utah, but because Father was living in Texas, the State of Utah requested that Texas assist in establishing and collecting the child support.   In May 2013, a Texas court issued a paternity finding and child support order under the Uniform Interstate Family Support Act.  Mother moved to Mesa, Arizona in 2015, and later relocated to Navajo County in 2016, where she currently resides.

**¶3**          Mother filed her pro per unverified Petition on January 15, 2020.  She alleged the minor child had been residing with Mother in Arizona "for virtually her entire life."   According to Mother, in 2019 "Father convinced Mother to relinquish the child to go spend time with him in Texas."  Per the parties' "mutual agreement," the trip would be temporary only and Mother would remain the primary custodial parent.  Mother further alleged they entered "mutual verbal agreements" that Father would return the child to Arizona in January 2020, but he refused to do so despite Mother's repeated requests.   Mother asserted the superior court had "jurisdiction over the minor child under one of the provisions of The Uniform Child Custody Jurisdiction [and Enforcement] Act ('UCCJEA')."  *See* A.R.S. §§ 25–1001 to –1067.

**¶4**          Father moved to dismiss the Petition for lack of subject matter jurisdiction.  As pertinent here, Father argued Mother failed to inform the superior court that Texas is the child's home state, and a petition to modify

the parent-child relationship was now pending in Texas, which Father had told Mother about several days before she filed her Petition. Father also asserted that Arizona was not the child's "home state" under the UCCJEA because, except for six days in November 2019, the child resided exclusively in Texas with Father from June 2019 until January 18, 2020. He asked the court to determine jurisdiction and to "dismiss Mother's pleadings at a jurisdiction hearing, possibly after brief under-oath questioning of the parties about the Texas cases and the dates the child was in Texas."

¶5        Mother, who was then represented by counsel, acknowledged that in June 2019 she allowed the child to have "an extended visit" with Father because she wanted the child to have a better relationship with him. Mother did not dispute that, except for the child's six-day visit to Arizona for Thanksgiving, she resided with Father in Texas from June 2019 through January 18, 2020. Instead, Mother argued Arizona has been the child's home state since 2016, and because the child did not reside in Texas for six continuous months, her absence from Arizona did not change the home state status. Mother also asserted the 2013 Texas order did not arise from a "child custody proceeding" under the UCCJEA and thus the Texas court could not have entered a child custody order in 2013 because it was undisputed Texas was not the child's home state.

¶6        Following oral argument, the superior court entered an order dismissing the case, explaining that because paternity and child support were established in Texas, and jurisdiction was never transferred to Arizona, jurisdiction remained with Texas. Mother timely appealed, and we have jurisdiction under A.R.S. § 12–2101(A)(3), which authorizes an appeal from "any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken."[1]

---

[1]        On June 3, 2020, this court summarily denied Mother's petition for special action raising the same issue raised in this appeal, and providing essentially the same analysis as contained in her opening brief. In urging us to accept jurisdiction, Mother asserted that by the time an appeal could be heard, the Texas court will have likely made rulings/orders for parenting time and child support. The parties have not advised us of the status of the Texas proceedings; as such, we do not know whether this appeal is or is not moot.

**DISCUSSION**

¶7          We review de novo whether a court has subject matter jurisdiction under the UCCJEA.  *Gutierrez v. Fox*, 242 Ariz. 259, 264, ¶ 17 (App. 2017).  We will affirm the court's disposition if it is correct for any reason.  *See Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986).  Though Father did not file an answering brief, in our discretion we decline to consider his failure to do so as a confession of error.  *See Cardoso v. Soldo*, 230 Ariz. 614, 616, ¶ 4 n.1 (App. 2012).

¶8          Under the UCCJEA, a court with home state jurisdiction has jurisdictional priority.  *See* A.R.S. § 25–1031(A); *Gutierrez*, 242 Ariz. at 264–65, ¶ 18.  "Except as otherwise provided in § 25-1034 [emergency jurisdiction]," and as applicable here, an Arizona court "has jurisdiction to make an initial child custody determination" only if Arizona

> is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

A.R.S. § 25-1031(A)(1).  As defined in A.R.S. § 25-1002(7), "[h]ome state" means:

> The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding, including any period during which that person is temporarily absent from that state.

As previously construed by this court, the term "home state" is not limited to the time period of "six consecutive months immediately before the commencement of a child custody proceeding;" rather, the appropriate time period in such circumstances is "within six months before the commencement of the [child custody] proceeding."  *Welch-Doden v. Roberts*, 202 Ariz. 201, 208–09, ¶ 33 (App. 2002) (citing A.R.S. §§ 25-1002(7), 25–1031(A)(1)).

¶9          Mother argues the superior court erred when it dismissed her Petition because "the Texas case was never transferred to Arizona and jurisdiction remains in Texas."  She contends the UCCJEA does not allow jurisdiction to be established by entry of a child support order.  We agree the superior court's reasoning was incorrect because (1) Texas was not the

child's home state in 2013, and (2) even if it was, the court's 2013 order did not involve an "initial child custody determination" under the UCCJEA. *See* A.R.S. § 25-1002(3) (defining "[c]hild custody determination" as "any judgment, decree or other order of a court, including a permanent, temporary, initial and modification order, for *legal custody, physical custody or visitation*") (emphasis added). However, because our review is de novo, we must determine whether the court nonetheless reached the correct result.

**¶10** As noted above, in the superior court Mother did not dispute that the child resided with Father in Texas from June 2019 through January 18, 2020, except for a six-day visit to Arizona in November. Under A.R.S. § 25-1002(7), the child lived in Texas almost exclusively "within six months before" initiation of the January 2020 child custody proceeding in Texas. *See Welch-Doden*, 202 Ariz. at 208–09, ¶ 33. That time period includes the six-day window when the child was temporarily absent from Texas, which does not affect home state status. *See* A.R.S. § 25-1002(7) ("including any period during which that person is temporarily absent from that state"). Thus, Mother did not meet her burden of showing that Arizona was the child's home state "within six months" of the filing of her Petition.

## CONCLUSION

**¶11** We affirm the superior court's dismissal order.

