NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DIANA JUNE HENDERSHOT, *Petitioner/Appellee*,

*v.*

JOSEPH PATRICK WHYTE, *Respondent/Appellant*.

No. 1 CA-CV 25-0180 FC

FILED 10-06-2025

Appeal from the Superior Court in Maricopa County
No. FC2018-054263
No. FC2018-095360
The Honorable Andrew J. Russell, Judge

**AFFIRMED**

COUNSEL

Charles A. Kellers PLLC, Scottsdale
By Charles A. Kellers
*Counsel for Petitioner/Appellee*

Joseph Patrick Whyte
*In Propria Persona*

---

**MEMORANDUM DECISION**

---

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Anni Hill Foster joined.

---

**F A B I A N**, Judge:

¶1 Joseph Whyte ("Father") appeals the superior court's order dismissing his petition to modify child support. On appeal, he argues the court erred in not granting an evidentiary hearing based on his petition. Because Father did not attach documentation to his petition showing a colorable claim of change in circumstances warranting modification, the order is affirmed. This Court does not address Father's Americans with Disabilities Act and due process arguments because his petition was properly dismissed. *See Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986) ("We will affirm the trial court's decision if it is correct for any reason.").

## FACTUAL AND PROCEDURAL HISTORY

¶2 In 2018, Diana Hendershot ("Mother") petitioned for paternity, legal decision-making, parenting time, and child support for the parties' minor child B.W. At that time, the superior court granted Mother sole legal decision-making authority and required Father to pay $774 in monthly child support. In 2022, Father petitioned to lower his child support. Instead, the court increased his child support to $1,103 per month.

¶3 In 2023, Father again petitioned to lower his child support. On May 15, 2024, the superior court affirmed Father's $1,103 in child support. Despite a documented decrease in Father's income, the court attributed $75,000 in annual income to him because it found Father was capable of earning more than his documented income.

¶4 On May 16, 2024, Father moved for relief from the child support order under Rule 85 of the Rules of Family Law Procedure and the court denied his motion. Father appealed that decision and, while that case was on appeal, Father filed another petition to modify child support under the simplified procedure outlined in the Arizona Child Support Guidelines ("the Guidelines"). *See* A.R.S. § 25-320 app. § XIV(C). Mother filed a motion to dismiss the petition, which the court granted. Father timely appealed and this Court has jurisdiction pursuant to Article VI, Section 9 of the Arizona

Constitution and Arizona Revised Statutes §§ 12-120.21(A)(1) and 2101(A)(1).

## DISCUSSION

**¶5**        This Court reviews the denial of a request to modify child support for an abuse of discretion. *See Birnstihl v. Birnstihl*, 243 Ariz. 588, 590 ¶¶ 7-8 (App. 2018). "To qualify for a modification, the parent seeking to modify child support must show a substantial and continuing change in circumstances." A.R.S. § 25-320 app. § XIV(A); *see also* A.R.S. § 25-327(A).

**¶6**        Whether a substantial and continuing change in circumstances has occurred is a question of fact. *Schroeder v. Schroeder*, 161 Ariz. 316, 323 (1989). A superior court has "sound discretion" to decide whether changed circumstances warrant a modification. *Cummings v. Cummings*, 182 Ariz. 383, 387 (App. 1994). There is no change in circumstances when the circumstances in question existed prior to the entry of the most recent child support order. *See McClendon v. McClendon*, 243 Ariz. 399, 402 ¶ 12 (App. 2017).

**¶7**        A parent filing a petition for child support modification using the simplified procedure "must present a colorable claim that there has been a change in relevant factors, or that an error occurred in determining the relevant factors, such that applying the Guidelines results in a fifteen percent variation from the current child support order." *Birnstihl*, 243 Ariz. at 594 ¶ 20.

**¶8**        The Guidelines specifically require:

> A request for modification of the child support amount must be accompanied by a completed and sworn Child Support Worksheet, and documentation supporting the incomes if different from the court's most recent findings regarding income of the parents.

A.R.S. § 25-320 app. § XIV(C)(3).

**¶9**        Father does not allege an error occurred in determining the relevant factors. Rather, he argues his disability and loss of income is a "substantial and continuing change" in circumstances. Father's reason for his most recent petition is he has "a continuing disability that has rendered him incapacitated and unable to work." In support of that petition, Father primarily submitted documentation of his various medical issues.

However, all the medical documents attached to his petition pre-date the superior court's most recent findings regarding the parents' income on May 15, 2024. Thus, Father has not presented a colorable claim that these medical issues are a change in circumstances. *See McClendon*, 243 Ariz. at 402 ¶ 12.

¶10        Furthermore, Father did not comply with the Guidelines because he did not submit sufficient documentation showing the parents' incomes are different from those that existed at the time of "the court's most recent findings regarding income of the parents." A.R.S. § 25-320 app. § XIV(C)(3). Father submitted only a screenshot of an unemployment insurance claim and a screenshot of a social security disability application.

¶11        The unemployment insurance claim was for a period of only 17 weeks and thus does not show the alleged changed circumstances are continuing or substantial. And Father only provided an *application* for disability, not a successful claim. A successful claim could potentially result in a substantial and continuing change in circumstances.

¶12        This Court is mindful that Father is representing himself in this matter. However, this Court holds "unrepresented litigants in Arizona to the same standards as attorneys." *Flynn v. Campbell*, 243 Ariz. 76, 83 ¶ 24 (2017). Father has not presented a colorable claim that "there has been a change in relevant factors." *Birnstihl*, 243 Ariz. at 594 ¶ 20. Therefore, this Court cannot conclude the superior court abused its discretion by dismissing Father's petition to modify child support. *See id.* at 590 ¶ 8.

**ATTORNEY'S FEES**

¶13        Mother requests her attorney's fees and costs on appeal pursuant to Rule 21(a) of the Arizona Rules of Civil Appellate Procedure and A.R.S. § 25-324. As the prevailing party, Mother is entitled to her costs upon compliance with Rule 21(b)(3). *See* A.R.S. § 12-341. This Court, in its discretion, does not award her attorney's fees. *See Motley v. Simmons*, 256 Ariz. 317, 323 ¶ 20 (App. 2023).

## CONCLUSION

¶14    For the foregoing reasons, the order is affirmed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR