641 P.2d 268

The STATE of Arizona, Appellant,

v.

Lewis C. MURPHY, Appellee.

No. 2 CA–CR 2440.

Court of Appeals of Arizona, Division 2.

Feb. 2, 1982.

Stephen D. Neely, Pima County Atty. by Richard M. Rollman and Beverly J. Knaak, Tucson, for appellant.

Bilby, Shoenhair, Warnock & Dolph, P. C. by William H. Tinney and Michael J. Rusing, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

The State of Arizona has appealed from an order dismissing its direct information charging Lewis C. Murphy, the Mayor of Tucson, with violating the Public Meetings and Proceedings law (the open meeting law). We affirm.

Appellee was charged with violating the open meeting law by releasing minutes of an executive session of the Tucson City Council held on April 27, 1981, to persons other than the members of the public body that had met in executive session, in violation of A.R.S. §§ 38–431.06, 38–431.03(B), 13–707, 13–802. Simultaneously, a separate information was filed against six city coun-cilmen, also charging them with open meeting law violations.

No witnesses testified at the hearing on the motion to dismiss; however, the parties stipulated to the admission of a transcript of the executive session. They further stipulated that the mayor was not present during the executive session and that he released the transcript of the executive session to the news media. Although discussed during arguments to the court, no evidence was adduced relative to the earlier acquittal of the councilmen under the open meeting charge.

In its minute entry order granting the motion to dismiss, the court made the following findings:

"1. The State has taken the position in the related case concerning the Councilmen that the meeting was an illegal meeting in violation of the open-meeting law, and is now taking an inconsistent position and contends that the meeting was legal.

2. Subjects discussed at the meeting were in violation of the open-meeting law.

3. The acquittal of the Councilmen indicates that the Mayor deserves treatment no more severe than that of the Councilmen"

Appellee's release of the transcript, it was charged, violated A.R.S. § 38–431.03(B), which provides:

"Minutes of executive sessions shall be kept confidential except from members of the public body which met in executive session."

And A.R.S. § 38–431.06, which provides: "Any person violating any of the provisions of this article shall be guilty of a class 3 misdemeanor."

■ Appellee first argues that the appeal should be dismissed, contending that it violates the Fifth Amendment of the United States Constitution, which protects against double jeopardy. We disagree. The proceedings did not subject appellee to the risk of a determination of guilt and jeopardy did not attach. *Serfass v. United States,* 420

U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975).

■ Appellant contends that the open meeting law flatly prohibits disclosure of minutes of executive sessions. We agree, but hasten to point out that the term "executive session" is a term of art defined in the statutes. Executive sessions may be held after notice and only for purposes specified in A.R.S. § 38–431.03, including the following:

"Discussion or consideration of employment, assignment, appointment, promotion, demotion, salaries, disciplining or resignation of a public officer, appointee or employee of any public body, except that with the exception of salary discussions, an officer, appointee or employee may demand that such discussion or consideration occur at a public meeting."

A.R.S. § 38–431.02 specifies the notice requirements for meetings as follows:

"A. Public notice of all meetings of public bodies shall be given as follows:

\*      \*      \*      \*      \*      \*

3. The public bodies of the cities and towns shall file a statement with the city clerk or mayor's office stating where all public notices of their meetings will be posted and shall give such additional public notice as is reasonable and practicable as to all meetings.

B. If an executive session will be held, the notice shall be given to the members of the public body, and to the general public, stating the specific provision of law authorizing the executive session."

It does not appear in the record before us that notice of the executive session was given other than an announcement by the vice mayor that everyone was requested to leave the room with the exception of the vice mayor, the council members and staff members, which included the city manager, the city attorney and the city clerk. The transcript reveals that the session dealt with the firing or obtaining the resignation of city officials and their replacement. The officials who were discussed at the meeting, not having been given notice of the subject matter to be discussed, were afforded no opportunity to demand that such discussions occur at a public meeting as provided in A.R.S. § 38–431.03(A)(1): Additionally, the session lacked the required subject matter notice as specified by A.R.S. § 38–431.-02(B). To cloak an executive session in the confidentiality afforded by statute, it is essential that the meeting in question fulfill the statutory prescriptions for an executive session. To hold otherwise would be to enshroud in secrecy any meeting that a public body denominated as an "executive session." Clearly this is not the intent of the open meeting law, which on the contrary provides:

"It is the public policy of this state, reflected in this article, that meetings of public bodies be conducted openly. Toward this end, any person or entity charged with the interpretations of this article shall take into account the policy of this article and shall construe any provision of this article in favor of open and public meetings." A.R.S. § 38–431.09.

Appellee contends that he acted within the spirit of the above section in disclosing the transcript to the public. We would note that one taking it upon himself to follow the course chosen by appellee in disclosing proceedings from a closed session may run some risk. In the instant case, however, since we conclude that the "executive session" in question did not conform to the statutory requirements entitling it to confidentiality, appellee's conduct is not chargeable.

Affirmed.

HOWARD, C. J., and BIRDSALL, J., concur.