NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TOWN OF COLORADO CITY, ARIZONA, an Arizona municipal corporation, *Petitioner*,

*v.*

CENTENNIAL PARK DISPOSAL, INC., a foreign, for-profit corp., *Respondent*.

No. 1 CA-SA 25-0035

FILED 05-06-2025

Appeal from the Superior Court in Mohave County
No. S8015CV202201203
The Honorable Kenneth Gregory, Judge *Pro Tempore*

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Doyle Hernandez Millam, Phoenix
By William H. Doyle, Brandon D. Millam
*Counsel for Petitioner*

William G. Walker, P.C., Tucson
By William G. Walker
*Counsel for Respondent*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

**M c M U R D I E**, Judge:

¶1　　　　This special action comes from the denial of a defendant's motion for summary judgment on affirmative defenses to a state antitrust claim. We accept jurisdiction but deny relief. We hold the defendant failed to show an accrual date entitling it to summary judgment on limitations grounds under Arizona Revised Statutes ("A.R.S.") § 12-821. Similarly, we hold the defendant failed to show government action entitling it to summary judgment on immunity grounds under A.R.S. § 12-820.01. Finally, we hold immunity was unavailable under the state-action antitrust liability exemption.

### FACTS AND PROCEDURAL BACKGROUND

¶2　　　　For decades, Colorado City has owned and helped control a landfill.[1] In 2022, Centennial Park Disposal, a private garbage-collection company, sued Colorado City for forcing municipal water-service customers to pay for municipal garbage-collection service.

¶3　　　　The superior court permitted Centennial to file a second amended complaint seeking injunctive relief and damages for "anti-competitive" behavior in "violation of A.R.S. § 9-[516]" and "violat[ion of] Arizona law, as stated in Arizona Attorney General's Opinion 57-40." Section 9-516 provides that only through acquisition may municipalities displace lawful, adequate "public utility service." A.R.S. § 9-516(A). The attorney general's opinion reads that municipalities may not refuse water service to collect delinquent garbage-collection and disposal charges. Op. Ariz. Att'y Gen. 57-40. The superior court construed

---

[1]　　　A municipality that shares responsibility for controlling the landfill was dismissed from the underlying action.

the pleading as claiming violations of A.R.S. § 9-516 and Arizona's Uniform State Antitrust Act, A.R.S. §§ 44-1401 to -1416.[2]

¶4 Colorado City moved for summary judgment on multiple grounds. The superior court ruled that Colorado City had not violated A.R.S. § 9-516 but denied summary judgment on limitations and immunity grounds. As for limitations, the court determined that because evidence showed ongoing anticompetitive behavior "even after the parties' meeting several years ago," the question of "whether the city ceased any anticompetitive acts in sufficient time to bar Plaintiff's claims should be left to the jury to determine." Regarding immunity, the court ruled Colorado City was not immune under A.R.S. § 12-820.01 because its conduct was neither a "judicial" nor a "legislative" function, and it was not immune under the state-action exemption doctrine because several statutes "express a competition-based policy" for garbage collection.

¶5 Colorado City petitioned for special-action relief from the denial of summary judgment on limitations and immunity grounds.

## JURISDICTION

¶6 We typically will not accept jurisdiction of special actions challenging the denial of summary judgment. *Schlussel v. Gerlach*, 240 Ariz. 29, 31, ¶ 5 (App. 2016). We accept jurisdiction here because a party usually has no right to direct appeal or post-judgment review of an order denying summary judgment, *Martin v. Schroeder*, 209 Ariz. 531, 533, ¶ 5 (App. 2005), and a party who claims immunity loses its benefit if forced to stand trial, *Mashni v. Foster*, 234 Ariz. 522, 526, ¶ 14 (App. 2014); *see* Ariz. R.P. Spec. Act. 2(b).

## DISCUSSION

¶7 We review summary-judgment rulings *de novo*, considering only the evidence presented to the superior court when it addressed the motion. *See Vig v. Nix Project II P'ship*, 221 Ariz. 393, 396, ¶ 10 (App. 2009). Summary judgment is appropriate only when "the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). A defendant seeking summary judgment based on an affirmative defense has

---

[2] Colorado City complains in its reply that it has been forced to defend against a "phantom case" because Centennial did not cite the antitrust act. That issue is beyond the scope of this special action.

the initial burden of showing the absence of any genuine issues of material fact as to the defense. *Vig*, 221 Ariz. at 396, ¶ 11. Conclusory statements cannot meet the burden. *Orme Sch. v. Reeves*, 166 Ariz. 301, 310 (1990).

## A. The Superior Court Correctly Denied Summary Judgment on Limitations Grounds.

**¶8**　　　　We first examine the denial of summary judgment on limitations grounds, bearing in mind that limitations defenses generally are disfavored. *See Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 590 (1995).

**¶9**　　　　Centennial's claims are governed by A.R.S. § 12-821, which provides that "[a]ll actions" against public entities must be brought within one year of accrual. Accrual typically occurs when the plaintiff realizes the fact of damage and knows or reasonably should know its cause. A.R.S. § 12-821.01(B); *Dube v. Likins*, 216 Ariz. 406, 411, ¶ 7 (App. 2007).

**¶10**　　　　To prevail, Colorado City had to put forth *prima facie* evidence that Centennial's claim accrued more than one year before its 2022 complaint. *See Logerquist v. Danforth*, 188 Ariz. 16, 19 (App. 1996). Colorado City failed to do so. Although Colorado City identified a 2018 meeting as the accrual event, the record before us does not explain how the meeting triggered the accrual. Colorado City's conclusory statements about accrual were insufficient. *See Orme Sch.*, 166 Ariz. at 310. On special action, Centennial provided deposition testimony about the meeting—but, as Colorado City correctly recognizes by its request to strike that testimony, we cannot extrapolate an accrual date from evidence not presented to the superior court when it addressed summary judgment. *See Vig*, 221 Ariz. at 396, ¶ 10. We also note that even if the testimony showed all claims accrued at the 2018 meeting, the testimony also arguably revealed facts that support equitable tolling. *See Porter v. Spader*, 225 Ariz. 424, 428, ¶ 11 (App. 2010) (A limitation period may be equitably tolled when the defendant's affirmative acts of fraud or concealment induced the plaintiff to delay seeking timely legal redress.).

**¶11**　　　　Colorado City is not entitled to special-action relief from the superior court's denial of summary judgment on limitations grounds.

## B. The Superior Court Properly Denied Summary Judgment on Immunity Grounds.

**¶12**　　　　We next examine the denial of summary judgment on immunity grounds. The superior court found no immunity under either

A.R.S. § 12-820.01 or the state-action exemption to antitrust liability. We address each immunity in turn.

### 1.    A.R.S. § 12-820.01 Immunity

**¶13**        We first address immunity under A.R.S. § 12-820.01. Section 12-820.01 provides that "[a] public entity shall not be liable for acts and omissions of its employees constituting either . . . [t]he exercise of a judicial or legislative function . . . [or t]he exercise of an administrative function involving the determination of fundamental governmental policy." This statute provides a limited exception to our general policy favoring government accountability, and we construe it narrowly. *Doe ex rel. Doe v. State*, 200 Ariz. 174, 175-76, ¶ 4 (2001); *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 164 (App. 1996). We will find immunity only if the statute "clearly applies," *Schabel*, 186 Ariz. at 164, with the party claiming immunity carrying the burden of proof, *Fid. Sec. Life Ins. v. State*, 191 Ariz. 222, 225, ¶ 9 (1998). Part of that burden is showing the claim is based on affirmative, consciously considered government decisions or acts. *Tostado v. City of Lake Havasu*, 220 Ariz. 195, 199, ¶ 16 (App. 2008). The statute can never apply to claims for injunctive relief. *Zeigler v. Kirschner*, 162 Ariz. 77, 84 (App. 1989).

**¶14**        Colorado City argued it was entitled to summary judgment under A.R.S. § 12-820.01 because it acted according to its legislative or qualifying administrative functions. To prove the exercise of its legislative function, a public entity must show it created, defined, or regulated rights. *County of La Paz v. Yakima Compost Co.*, 224 Ariz. 590, 603, ¶ 35 (App. 2010). To show the exercise of its administrative function involving the determination of fundamental governmental policy — which includes the provision of governmental services, A.R.S. § 12-821.01(B)(1)(d) — a public entity must show that it either made a policymaking decision or its conduct directly flowed from such a decision. *Kohl v. City of Phoenix*, 215 Ariz. 291, 295-96, ¶¶ 19, 24 (2007). Operational or implementation decisions do not qualify for protection under the statute. *Id.* at 295, ¶ 19.

**¶15**        A.R.S. § 12-820.01 is inapplicable to claims for injunctive relief against public officials. *See Zeigler*, 162 Ariz. at 84. Further, to the extent that Centennial seeks monetary damages, we conclude Colorado City failed to show the statute applied. Colorado City did not show (and provided no significant argument) that its conduct stemmed from an affirmative decision to create, define, or regulate rights or establish a policy scheme. *See Schabel*, 186 Ariz. at 164; *Fid. Sec. Life Ins.*, 191 Ariz. at 225, ¶ 9; *Tostado*, 220 Ariz. at 199, ¶ 16.

¶16            We hold Colorado City is not entitled to special-action relief from the superior court's denial of summary judgment on A.R.S. § 12-820.01 immunity grounds.

### 2.        State-Action Exemption

¶17            We next address immunity under the state-action exemption to antitrust liability. The exemption is a federal doctrine premised on federalism and state sovereignty. *See Town of Hallie v. City of Eau Claire*, 471 U.S. 34, 38 (1985). When a municipality is accused of violating the federal antitrust act, the exemption precludes liability if the anticompetitive activities follow an affirmatively articulated state policy to displace competition with regulation or monopoly public service. *Id.*; *see also N.C. State Bd. of Dental Exam'rs v. Fed. Trade Comm'n*, 574 U.S. 494, 507-08 (2015). The policy must be expressly outlined in or logically result from statutes. *Town of Hallie*, 471 U.S. at 41. Compulsory statutory language is strong evidence of an anticompetition policy but is not a prerequisite. *See id.* at 45-46.

¶18            The parties assume the exemption extends to claims brought under Arizona's antitrust act. We have found no Arizona case on point, but the Ninth Circuit has posited the exemption applies to Arizona law. *Mothershed v. Justices of Sup. Ct.*, 410 F.3d 602, 609-10 (9th Cir. 2005). We agree with the Ninth Circuit for two reasons. First, Arizona's antitrust act is intended to parallel the federal act. *Bunker's Glass Co. v. Pilkington PLC*, 206 Ariz. 9, 12, 15-16, ¶¶ 7, 19-20 (2003); A.R.S. § 44-1412 (Courts may "use as a guide interpretations given by the federal courts to comparable federal antitrust statutes."). Second, even recognizing that the federalism and sovereignty concerns underlying the exemption are not implicated in state antitrust cases, it would be illogical to hold municipalities liable for anticompetitive conduct sanctioned by the state legislature. *Vandenberg v. Aramark Ed. Servs.*, 81 So. 3d 326, 335 (Ala. 2011); *but see Brownsburg Cmty. Sch. Corp. v. Natare Corp.*, 824 N.E.2d 336, 348 (Ind. 2005). But even if the exemption applies, its elements are not met here as our statutory scheme does not clearly articulate a state policy for municipalities to displace all competition around garbage collection.

¶19            Colorado City relies on A.R.S. § 9-516. Under that statute, a municipality may oust a preexisting "public utility service"—which includes garbage collection, *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 348-49 (1996)—via acquisition and afterward maintain a

monopoly to the extent of the historical service area. A.R.S. § 9-516(A), (D).[3] This follows the caselaw recognizing garbage collection and disposal as a government function designed to preserve public health. *City of Scottsdale v. Mun. Ct. of City of Tempe*, 90 Ariz. 393, 398 (1962). Relatedly, A.R.S. § 49-742 authorizes municipalities to establish user fees to cover the cost of development, construction, operation, administration, and financing of solid waste activities. And Colorado City points out that municipal bundling of water and garbage-collection services is common throughout the state.

¶20        But our statutes contemplate that municipalities must encourage private garbage collection in some cases. Most significantly, A.R.S. § 49-746 provides that for "solid waste management services to commercial, industrial or multifamily residential properties within or to the municipality"—which includes collection services, A.R.S. § 49-701(47)—a municipality "shall not be mandated to provide" these services, "shall not prohibit or unreasonably restrain a private enterprise from delivering" these services, and "shall prescribe rules for the delivery" of these services "that promote availability of these services and competition in the delivery of these services." A.R.S. § 49-746(A)-(C). Additionally, A.R.S. § 9-511.03 provides that typically, municipalities that elect to provide garbage-collection services beyond their boundaries must bear tax, fee, and cost obligations equivalent to those of private companies.

¶21        Taking the applicable statutes together, we cannot say our legislature has professed a clear policy for municipalities to monopolize all garbage collection. *See also Mohave Disposal*, 186 Ariz. at 349 (The legislature "generally protects private enterprise in the area of solid waste management" through A.R.S. § 49-746(A).). In fact, A.R.S. § 49-746

---

[3]        The parties and the superior court assumed such ouster is authorized under A.R.S. § 9-516's eminent domain right. That assumption is not clear. Section 9-516(B) references an eminent domain right for the acquisition of "the facilities of a public service corporation." Garbage-collection services qualify as a "public utility service" under A.R.S. § 9-516(A), but their providers are not "public service corporation[s]" under A.R.S. § 9-516(B). *See Mohave Disposal*, 186 Ariz. at 346, 348-49. We need not resolve the issue here for other reasons.

expresses a policy of encouraging private garbage collection for at least some services Centennial alleges it provides within Colorado City.[4]

**¶22**        We hold Colorado City is not entitled to special-action relief from the superior court's denial of summary judgment on state-action exemption grounds.

## CONCLUSION

**¶23**        We accept special-action jurisdiction but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR

---

[4]      Centennial alleges it "services residential and commercial venues" within Colorado City. We note that although all commercial-venue services fall within the scope of A.R.S. § 49-746, not all residential-venue services do. The nature of Centennial's residential services is unclear.