IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

---

NINA ALLEY, AS GUARDIAN AND CONSERVATOR FOR AND ON BEHALF OF LOUIS
TAYLOR, A SINGLE MAN,
*Plaintiff/Appellant*,

*v.*

PIMA COUNTY,
*Defendant/Appellee*.

No. 2 CA-CV 2025-0185
Filed June 16, 2026

---

Appeal from the Superior Court in Pima County
No. C20224158
The Honorable Cynthia T. Kuhn, Judge

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

---

COUNSEL

Miller, Pitt, Feldman, & McAnally P.C., Tucson
By Stanley G. Feldman, Peter Timoleon Limperis, Timothy P. Stackhouse,
and Max W. Larnerd

and

The Leader Law Firm P.C., Tucson
By John P. Leader
*Counsel for Plaintiff/Appellant*

Struck Love Acedo PLC, Chandler
By Daniel P. Struck and Nicholas D. Acedo
*Counsel for Defendant/Appellee*

---

**OPINION**

Judge O'Neil authored the opinion of the Court, in which Judge Eckerstrom and Judge Eppich concurred.

---

O' N E I L, Judge:

**¶1**        This appeal concerns Louis Taylor's[1] request to Pima County for public records related to an executive session.  The County denied his request, asserting the records were confidential under A.R.S. § 38-431.03(B).  Taylor then filed a complaint alleging that the County had violated his right to access public records and later sought partial summary judgment on the County's confidentiality defense.  The superior court denied that motion and ultimately dismissed the case with prejudice.  Taylor challenges the court's denial of partial summary judgment on the confidentiality issue, as well as its denial of his subsequent related motions, including a request for discovery concerning the names of the people who attended the executive session.  This appeal primarily requires us to determine whether Taylor made the requisite showing on summary judgment.  We conclude he fell short of doing so because the facts do not support a reasonable inference that the executive session violated open meeting law.  We thus affirm the court's order denying partial summary judgment.  However, we vacate in part the court's denial of Taylor's motion for discovery because the court incorrectly determined that the identities of executive session attendees were confidential.

**Background**

**¶2**        Taylor made the public records request at issue in this case while he and the County were involved in a civil lawsuit in federal court.  Although the details are not relevant here, the federal case involved a claim of damages for wrongful imprisonment based on Taylor's 1972 criminal convictions in Arizona state court for twenty-eight counts of felony murder.

---

[1]Nina Alley is Taylor's guardian and conservator.

*Taylor v. County of Pima*, 913 F.3d 930, 932-33 (9th Cir. 2019). The County was represented in that case by a private attorney.

¶3 In early June 2022, the elected Pima County Attorney indicated she was considering a motion to vacate Taylor's convictions. In response to a request that the County Board of Supervisors "take a position" on the criminal matter, the county administrator expressed an intent to place "an item on the executive session agenda on June 7 to brief the [B]oard." It is undisputed on appeal that no executive session was held on that date, that the Board instead held an executive session on August 2, 2022, related to the federal case, and that the Pima County Attorney's Office (PCAO) announced the next day, August 3, that it would not file a motion to vacate the judgment in Taylor's criminal case.

¶4 Shortly afterward, Taylor asked the Pima County Clerk for "all minutes" of a "public meeting held on August 2, 2022." He also sought the "names and title of all persons present at the August 2, 2022 executive session," as well as all records from that session concerning legal action that the Board had voted on and concerning any topic that went beyond the scope of the session's purpose as articulated in the notice of the executive session. That notice had stated that, "[p]ursuant to A.R.S. § 38-431.03(A)(3) and (4)," the purpose of the executive session was to obtain "legal advice and direction regarding" Taylor's federal lawsuit. In response to Taylor's request, the County sent links to records of the public meeting but asserted that, "[p]ursuant to A.R.S. § 38-431.03(B), executive session minutes are confidential, which includes the attendee list, since it is maintained as part of the executive session minutes."

¶5 Taylor filed a statutory special action complaint in superior court asserting the County had violated his statutory right to access public records.[2] *See* A.R.S. § 39-121. In response, the County maintained that the records were confidential under § 38-431.03.

¶6 Taylor then moved for partial summary judgment on the issue of whether the records he sought were confidential under § 38-431.03(B). Relying on the list of attendees as stated in the minutes from the public portion of the meeting, he noted that the "only attorney present" was a deputy county attorney from the PCAO. He argued that she "could

---

[2]Taylor's complaint also listed the PCAO and the Pima County Attorney as defendants, but his allegations against those defendants involved a separate public records request not at issue in this appeal.

not have provided 'legal advice or direction'" regarding the federal civil lawsuit because the PCAO did not represent the County in that lawsuit. On this basis, he inferred that the discussion at the executive session must have gone beyond the scope of the purpose as stated in the notice. He requested that the superior court order the County to produce all records relating to the "improperly noticed" session. And, regardless of whether the meeting was properly noticed, he asserted that the list of attendees at the executive session and the records relating to the Board's vote for legal action were not confidential. Specifically, he pointed to the Board's vote, memorialized in the minutes, to "proceed as discussed in Executive Session."

¶7 In response, the County asserted that Taylor had failed to meet his burden to prevail on summary judgment because he merely "speculate[d]" that the deputy county attorney was the only attorney present at the executive session. In the alternative, the County stated that, if the superior court "believe[d] that the burden ha[d] sufficiently shifted to Pima County to create a factual dispute, [it] request[ed] the opportunity to submit ex parte certain confidential information to the Court for an in camera review." The County also cross-moved for summary judgment in its favor on the issue of the list of attendees on the ground that the list is confidential "as a matter of law."

¶8 The superior court denied Taylor's motion for partial summary judgment, concluding he had "not met his burden that the executive session privilege (pursuant to § 38-431.03 (B)) and attorney/client privilege, are not applicable." It also denied the County's cross-motion regarding the "identity of the attendees," reasoning that the County "is required to produce public records identifying executive session attendees if such records exist other than in the Executive Session Minutes." The court then denied Taylor's subsequent motion for reconsideration.

¶9 Taylor also requested a ruling on his motion for partial summary judgment "regarding the legal action taken by the County following the August 2, 2022 Executive Session." The superior court denied his request, reasoning that it had decided in the order denying partial summary judgment that the executive session was held "to secure legal advice," which is not "legal action." Taylor additionally filed a motion to conduct discovery, which the court also denied. The court directed the County to file a motion for summary judgment if appropriate.

¶10 Over eight months later, absent any motion by the County, Taylor filed a motion to dismiss with prejudice pursuant to Rule 41(a)(2),

Ariz. R. Civ. P. The superior court granted the motion. This appeal followed.

## Jurisdiction

**¶11** We may exercise jurisdiction over an appeal only if taken by a "party aggrieved by a judgment." Ariz. R. Civ. App. P. 1(d); *Harris v. Cochise Health Sys.*, 215 Ariz. 344, ¶ 8 (App. 2007). This often precludes our review of claims that a plaintiff has voluntarily dismissed, even when a plaintiff believes the superior court's rulings have "unduly limited" its ability to proceed. *Harris*, 215 Ariz. 344, ¶¶ 12-14 & 12. "When the dismissal is with prejudice, however, plaintiffs have been allowed, in limited circumstances, to appeal from a voluntary dismissal when the plaintiffs' 'solicitation of the formal dismissal was designed only to expedite review of [a prior] order which had in effect dismissed [plaintiffs'] complaint.'" *Empire Volkswagen Inc. v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987) (alterations in *Empire Volkswagen Inc.*) (quoting *Raceway Props., Inc. v. Emprise Corp.*, 613 F.2d 656, 657 (6th Cir. 1980)) (reasoning adopted by *Harris*, 215 Ariz. 344, ¶¶ 12, 15).

**¶12** Taylor's complaint is a statutory special action seeking records. Taylor could obtain the specific records he sought only by overcoming the County's confidentiality defense. To do so, Taylor needed to show that the County had violated open meeting law. As we explain more fully below, we affirm the superior court's denial of partial summary judgment because Taylor failed to create a reasonable inference of such a violation. If Taylor could not establish even a reasonable inference of an open meeting law violation with the evidence available to him at the summary judgment stage, then he certainly would not be able to demonstrate the same violation with the same evidence at a trial.[3]

---

[3]The standard on summary judgment is different from the standard at trial. *Compare* Ariz. R. Civ. P. 56(a) (summary judgment appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law"), *with Am. Pepper Supply Co. v. Fed. Ins. Co.*, 208 Ariz. 307, ¶ 11 (2004) ("[C]ivil claims generally need be established only by a preponderance of the evidence."). But the threshold question of whether Taylor had drawn a reasonable inference of an open meeting law violation would have been no less dispositive at trial than it was on summary judgment.

**¶13**         Taylor, therefore, urged the superior court that it should either permit discovery "or enter a final judgment in [the County]'s favor," because without discovery, he could "present no evidence or argument that was not raised" on summary judgment.  The court noted that it had previously denied the County's cross-motion for summary judgment "because the County must produce public records identifying executive session attendees if such records exist other than in the Executive Session Minutes," but concluded that "no non-privileged documents exist."  The court nonetheless declined to enter a judgment for the County "without a proper motion."  Although the County did not act on the court's invitation to file such a motion, given Taylor's inability to meet his initial burden to create a reasonable inference of an open meeting law violation, the court had already effectively decided the relevant question for trial in denying summary judgment.  Taylor could not overcome the County's confidentiality defense with the evidence available, and the court's denial of Taylor's discovery request meant no further evidence would be forthcoming.

**¶14**         We conclude Taylor's appeal falls within that limited category of cases where a voluntary dismissal was merely sought to enable review of an order that had effectively disposed of Taylor's claim.  *See Empire Volkswagen Inc.*, 814 F.2d at 94.  We have jurisdiction.

## Summary Judgment

**¶15**         Although we typically do not review the denial of summary judgment, that principle does not apply here because there was no trial on the merits. *John C. Lincoln Hosp. & Health Corp. v. Maricopa County*, 208 Ariz. 532, ¶ 19 (App. 2004).  We review the denial de novo. *See Phx. Union High Sch. Dist. No. 210 v. Sinclair*, 260 Ariz. 115, ¶ 7, 572 P.3d 80, 83 (2025).  "The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a).

**¶16**         Generally, "[a]ll meetings of any public body shall be public meetings and all persons so desiring shall be allowed to attend and listen to the deliberations and proceedings."  A.R.S. § 38-431.01(A).  A public body may, however, hold a closed-door executive session for statutorily authorized purposes, including obtaining legal advice.  § 38-431.03(A)(3).  Minutes and discussions from these meetings "shall be kept confidential."  § 38-431.03(B).  But confidentiality applies only if "the meeting in question fulfill[s] the statutory prescriptions for an executive session." *State v. Murphy*, 131 Ariz. 354, 356 (App. 1982).  And the public body is not

permitted to "discuss any matter in an executive session that is not described in the notice of the executive session." § 38-431.03(E); *Fisher v. Maricopa Cnty. Stadium Dist.*, 185 Ariz. 116, 124 (App. 1995) (public body "should be held strictly to its stated purpose"). If a plaintiff alleges "facts from which a reasonable inference may be drawn supporting an Open Meeting Law violation, the burden shifts to the defendant to prove that an affirmative defense or exemption should permit a closed-door executive session." *Fisher*, 185 Ariz. at 122; *see also Tanque Verde Unified Sch. Dist. No. 13 of Pima Cnty. v. Bernini*, 206 Ariz. 200, ¶ 13 (App. 2003) ("public body must prove that the session was properly conducted").[4]

¶17        Our analysis in this appeal depends in significant part on whether Taylor successfully shifted the burden to the County for the purpose of his summary judgment motion. Taylor asserts he did. He argues that he alleged facts sufficient to reasonably infer the executive session was improperly noticed. He also asserts the superior court erred in placing the burden on him to prove improper notice.

¶18        This burden-shifting framework shapes the analysis on summary judgment. When the party moving for summary judgment has the burden of proof, it must "demonstrate[e] the absence of a genuine issue of material fact as to each element of its claim and each defense." *Vig v. Nix Project II P'ship*, 221 Ariz. 393, ¶ 11 (App. 2009). In contrast, when the party opposing summary judgment has the burden of proof, the moving party need not "present evidence disproving the non-moving party's claim or defense." *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, ¶ 22 (App. 2008). Rather, the moving party is only required to "'point out by specific reference to the relevant discovery that no evidence exist[s] to support an essential element of the [non-moving party's] claim' or defense." *Id.* (alterations in *Thruston*) (quoting *Orme Sch. v. Reeves*, 166 Ariz. 301, 310 (1990)).

---

[4]The County asserts this burden-shifting framework does not apply here because Taylor made his claim under public records law, not open meeting law. *Compare* A.R.S. §§ 38-431 to 38-431.09, *with* A.R.S. §§ 39-101 to 39-171. We reject this argument. In *Fisher*, in shifting the burden to a public body based on a challenge under open meeting law, we noted that open meeting law cases are "analogous" to public records law cases, both of which may require the public body to demonstrate why "records should not be made public." 185 Ariz. at 121-22; *see, e.g., Cox Ariz. Publ'ns, Inc. v. Collins*, 175 Ariz. 11, 14 (1993).

¶19          To shift the burden, Taylor needed to create a reasonable inference that there had been an open meeting law violation. *Fisher*, 185 Ariz. at 122. In attempting to do so, Taylor pointed to the fact that the notice of the executive session stated that its purpose was for the Board to obtain advice from its attorney in Taylor's federal lawsuit. He noted that the attendee list from the public session minutes named a deputy county attorney but did not identify any other lawyer who might have been present to give advice regarding the federal case. The listed deputy county attorney did not represent the County in the federal lawsuit, so Taylor inferred that the executive session must have exceeded the scope of the notice, perhaps addressing issues related to his Arizona state criminal case instead. He argued this inference was corroborated by both the county administrator's expressed intent to hold an executive session on June 7 and the timing of the PCAO's announcement that no motion to vacate Taylor's convictions would be filed.

¶20          On appeal, Taylor maintains that these facts "were more than sufficient to create the inference that the Executive Session was not limited to discussion of" his federal lawsuit. His argument relies on the inference, drawn from the public meeting minutes, that the deputy county attorney participated in the executive session while no attorney involved in the federal case did so. If true, this would suggest that the Board obtained advice regarding the criminal case during the executive session, not the federal case as had been indicated in the notice of the executive session. And if the executive session was not kept to the purpose stated in the notice, then it could not properly remain confidential. § 38-431.03(E); *Fisher*, 185 Ariz. at 122-24. On the other hand, if Taylor has not drawn a reasonable inference concerning the presence of the attorneys at the executive session, his argument does not suggest an open meeting law violation.

¶21          The public session minutes do not reasonably suggest either the participation of the deputy county attorney or the absence of an attorney for the federal case during the executive session. The minutes begin with a "roll call" identifying the members of the Board and several County officials present for the meeting, including the deputy county attorney. Other participants at the meeting are not named in the roll call but are instead identified only in the context of the relevant agenda item. Taylor has offered no reason to expect that the attorney for the federal lawsuit, if present, would be identified in the minutes from the public session. To the contrary, the presence of a private attorney presumably would not be noted in the roll call of county officials, nor would the attorney's name be identified in the context of any of the other agenda items

in which the attorney did not participate. It would be identified, if anywhere, in the executive session minutes. There is, therefore, nothing to infer from the absence in the minutes of the name of an attorney associated with the federal case.[5]

¶22        Similarly, the presence of the deputy county attorney during the public session does not suggest either her presence at or her participation in the executive session. The public session minutes include numerous agenda items in which the deputy county attorney was not a noted participant. The presence of county officials during a general roll call at the beginning of the public meeting does not suggest that any one of those officials participated in every individual agenda item, much less that they attended a confidential executive session.[6]

¶23        The PCAO's decision not to file a motion to vacate Taylor's convictions also does not suggest that the Board addressed matters beyond the scope of the notice during the executive session, especially in the absence of any reason to believe that an attorney involved in the criminal case attended the executive session. To the extent the timing of the PCAO's announcement raised any question, the County Attorney testified in her deposition that she had made her decision a month earlier. Moreover, the mere possibility that the Board's discussion might have touched on the criminal case in some way would not indicate that the session went beyond

_____

[5]At oral argument before this court, counsel for the County advised that he had been representing the County in the federal case at the time of the executive session and attended the public meeting. We are puzzled by the County's concession that it did not introduce these facts before the superior court, since they would strike a seemingly decisive blow against the purported inference that no attorney in the federal case was present to attend the executive session. Beyond our puzzlement on that point, we are troubled that counsel would raise so crucial a fact for the first time at oral argument when that fact does not appear in the record on appeal. Our review is confined to the record. *Dynometrics Inc. v. Ariz. Dep't of Econ. Sec.*, 257 Ariz. 283, ¶ 34 (App. 2024). We review accordingly.

[6]In her deposition, the County Attorney expressed her "understanding" that the deputy county attorney had not been present for the portion of the executive session addressing Taylor's federal lawsuit. We need not rely on her statement because Taylor has identified no facts from which to reasonably infer that any representative of the PCAO attended the executive session.

its noticed purpose. As Taylor acknowledged at oral argument, it stands to reason that legal advice regarding the federal lawsuit might necessarily address the impact of new developments in the state criminal case, including the implications of a possible motion to vacate Taylor's convictions.

¶24 Because Taylor fell short of raising a reasonable inference that the executive session was improperly noticed, he failed to carry his burden on summary judgment.[7] *See* Ariz. R. Civ. P. 56(a); *Jones v. Respect the Will of the People*, 254 Ariz. 73, ¶ 37 (App. 2022); *Vig*, 221 Ariz. 393, ¶ 11. Thus, the superior court did not err in denying his motion for partial summary judgment.

¶25 Taylor also asserts that the superior court erred in concluding, in response to his request for a ruling, that there was no legal action subject to disclosure because the executive session was held to obtain legal advice. He asserts that the Board's vote to "proceed as discussed in Executive Session" necessarily indicates that legal action was discussed during the session and that such discussion is subject to public disclosure.

¶26 Legal action by the Board requires a public vote. § 38-431.03(D). "Legal action involving a final vote or decision shall not be taken at an executive session, except that the public body may instruct its attorneys or representatives as provided in" § 38-431.03(A)(4), (5), and (7). *Id.* Taylor acknowledges these "exceptions to public disclosure of legal action," but he asserts none of the exceptions apply. He argues that § 38-431.03(A)(4) is limited to "contract discussions" and that his federal lawsuit does not involve a contract. He further argues that § 38-431.03(A)(3), which permits an executive session for the purpose of seeking legal advice but does not provide an exception to the requirement that legal action be taken publicly, is "the only purpose for which the session could have been held."

¶27 Section 38-431.03(A)(4) permits a public body to "instruct its attorneys regarding the public body's position regarding contracts that are the subject of negotiations, in pending or contemplated litigation or in

---

[7]We need not address Taylor's argument that the superior court erred in giving weight to counsel's representations that the executive session was consistent with the notice. Nor do we reach Taylor's arguments concerning attorney-client privilege because he did not seek summary judgment on that issue.

settlement discussions conducted in order to avoid or resolve litigation." This language lists three categories of instruction a public body may give its attorneys "regarding the public body's position" in an executive session, each of which is exempted from § 38-431.03(D)'s requirement of a public vote. Taylor reads the statute as identifying three circumstances in which a public body may discuss, consult, and instruct an attorney as to its "position regarding contracts," concluding that each listed circumstance modifies the word "contracts."

¶28 This court has previously read the subsection differently. We have understood the listed categories in § 38-431.03(A)(4) as modifying the word "position," such that a public body may give instruction regarding its "position regarding contracts that are the subject of negotiations," its "position . . . in pending or contemplated litigation," or its "position . . . in settlement discussions." *See Desert Mountain Energy Corp. v. City of Flagstaff*, 259 Ariz. 346, ¶ 24 (App. 2025). We continue to regard this as the more reasonable interpretation. If Taylor's interpretation were correct, the second and third items in the list would refer to "contracts . . . in pending or contemplated litigation" and "contracts . . . in settlement discussions." While we do not generally regard contracts as participating in litigation or settlement discussions, public bodies do take positions in them. *See Schilling v. Embree*, 118 Ariz. 236, 238 (App. 1977) (favoring an "interpretation which is reasonable and avoids . . . absurdities").[8]

¶29 The County noticed the executive session under § 38-431.03(A)(4), which allowed it to discuss and instruct its attorney regarding its position in the ongoing federal civil lawsuit. § 38-431.03(A)(4), (D). The "final and collective decision" authorizing legal action was public,

---

[8]Taylor asserts that the County waived its arguments concerning § 38-431.03(A)(4) because it failed to challenge his interpretation of the statute below and did not challenge the superior court's ruling that the executive session was held to obtain legal advice. But the County did dispute his interpretation, and we review the meaning of statutes de novo regardless. *See City of Tucson v. Pima County*, 190 Ariz. 385, 386 (App. 1997). Moreover, "[w]e will affirm the trial court's decision if it is correct for any reason, even if that reason was not considered by the trial court." *Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986).

but the County's litigation position itself was confidential. *See Desert Mountain Energy Corp.*, 259 Ariz. 346, ¶ 25; *see also* § 38-431.03(B).[9]

## Discovery

**¶30** Taylor also argues that the superior court erred under Arizona's special action rules in denying his request for discovery of the names of executive session attendees. In that request, Taylor sought leave to serve on the County both a request for production of a redacted version of the executive session minutes and an interrogatory requesting the names of the persons present at the executive session. Although the court had previously determined that "the County is required to produce public records identifying executive session attendees if such records exist other than in the Executive Session Minutes," the court denied both of Taylor's discovery requests, reasoning that "the requested information (attendees) is privileged."

**¶31** At the time of the superior court's ruling, the special action rules provided that if "a triable issue of fact is raised in" a special action, "it shall be tried subject to special orders concerning discovery."[10] Ariz. Sup. Ct. Order Promulgating "Rules of Procedure for Special Actions" Rule 4 (Aug. 1, 1969). Courts have significant discretion in deciding discovery requests in special actions, and "only in rare situations will discovery be justified in special action proceedings in the superior court." *Lewis v. Ariz. Dep't of Econ. Sec.*, 186 Ariz. 610, 616 (App. 1996). An abuse of discretion generally occurs when a court commits a legal error in reaching a

---

[9]Taylor's reply appears to go further, arguing that the description of the vote was inadequate even if an exception to the requirement for a public vote applied. Because this issue was raised for the first time in reply, and because it is unclear how an inadequate description of the public vote would affect the outcome on summary judgment, we need not address here the detail with which a legal action—exempt from public disclosure—must be described during the public vote authorizing such action. *See Camelback Contractors, Inc. v. Indus. Comm'n*, 125 Ariz. 205, 208 (App. 1980) ("Raising substantive issues for the first time in a reply brief authorizes a reviewing court to disregard the issue.").

[10]The current version of the rule, Rule 7(g), Ariz. R. P. Spec. Act., similarly provides that "[d]iscovery is not routinely permitted in special actions" but that "[i]f a special action raises a material issue of fact, the court may issue special orders concerning discovery."

discretionary decision or makes its decision without evidentiary support. *Files v. Bernal*, 200 Ariz. 64, ¶ 2 (App. 2001).

¶32 The superior court was within its discretion to reject Taylor's request for executive session minutes, redacted or otherwise. Section 38-431.03(B) expressly states that "[m]inutes of and discussions made at executive sessions shall be kept confidential," subject only to exceptions not pertinent to Taylor's request. Based on the same statutory language, however, the court incorrectly determined that the identity of attendees at an executive session is also confidential. Confidentiality under § 38-431.03(B) is extended only to "[m]inutes" and "discussions." Answering an interrogatory about attendance at an executive session need not require disclosure of confidential minutes, and attendance is not a discussion.

¶33 The general principle of our open meeting law is that government proceedings must be open and visible to the public. *Desert Mountain Energy Corp.*, 259 Ariz. 346, ¶¶ 21-22. This principle is subject only to narrow statutory exceptions allowing for necessary confidentiality in specific areas. *Id.* We cannot extend the confidentiality established in § 38-431.03(B) beyond its plainly stated terms, and those terms do not make attendance at an executive session confidential.

¶34 Nor is there any apparent reason why attendance should be kept confidential. In fact, the expected and permissible attendees at an executive session are largely dictated by statute. An executive session requires "a quorum of members of a public body." A.R.S. § 38-431(2). Other "officers, appointees and employees" and the auditor general may attend under statutorily defined circumstances. *Id.* Otherwise, "only individuals whose presence is reasonably necessary in order for the public body to carry out its executive session responsibilities may attend the executive session." *Id.* Because the public body must also describe the purpose of an executive session when giving the public notice of the meeting, the attendees will largely be known ahead of time. § 38-431.03(E). There can be no reason why the same information should become confidential after the meeting ends. No statute shields from public knowledge an executive session attendee's physical entry into or presence within a meeting room, and, as a practical matter, the attendees at an executive session are rarely a mystery to anyone who attends a public meeting. When a public body is scheduled to go into executive session during or at the conclusion of a public meeting, presumably anyone curious about the attendees can simply watch them walk through the door or note

that they have remained behind when all others have left the public portion of the meeting.

**¶35**        We conclude the superior court erred to the extent it determined that mere attendance at the executive session was confidential information.  This does not, however, mean the court was obliged to grant Taylor's request for leave to serve an interrogatory.  As noted, discovery in a special action is a matter for the court's broad discretion.  *Lewis*, 186 Ariz. at 615-16.  It is also rare, permissible only when there is a triable issue of fact.  *Id.*  Thus, although we vacate the portion of the court's ruling denying Taylor's request for leave to serve the interrogatory, we remand for the court to determine, in its discretion, whether Taylor's action has raised a material issue of fact and, if so, whether a special order allowing an interrogatory concerning the identities of the executive session attendees is appropriate under the circumstances.

## Disposition

**¶36**        We affirm the superior court's denial of partial summary judgment and all related rulings, except that we vacate in part the denial of Taylor's request for discovery and the subsequent dismissal of the action. We remand for further proceedings consistent with this decision.  Taylor seeks attorney fees pursuant to A.R.S. § 39-121.02.  We deny that request because we cannot say, at this stage, that Taylor is the prevailing party.